TRINETTE G. KENT (State Bar No. 025180)
3219 E Camelback Road, #588
Phoenix, AZ 85018
Telephone: (480) 247-9644
Facsimile: (480) 717-4781
E-mail: tkent@lemberglaw.com

Of Counsel to
Lemberg Law, LLC
43 Danbury Road
Wilton, CT 06897
Telephone: (203) 653-2250
Facsimile: (203) 653-3424

Attorneys for Plaintiff,
Anne Detwiler

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Anne Detwiler, | Case No.: |
| Plaintiff, | |
| vs. | **COMPLAINT** |
| Alpha Recovery Corp., | |
| Defendant. | **JURY TRIAL DEMANDED** |

Plaintiff, Anne Detwiler (hereafter "Plaintiff"), by undersigned counsel, brings the following complaint against Alpha Recovery Corp. (hereafter "Defendant") and alleges as follows:

## JURISDICTION

1.     This action arises out of Defendant's repeated violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.* ("FDCPA").

2.     Jurisdiction of this Court arises under 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1331.

3.     Venue is proper before this Court pursuant to 28 U.S.C. § 1391(b), where the acts and transactions giving rise to Plaintiff's action occurred in this district and/or where Defendant transacts business in this district.

## PARTIES

4.     Plaintiff is an adult individual residing in Phoenix, Arizona, and is a "person" as defined by 1 U.S.C. § 1.

5.     Plaintiff is a "consumer" as defined by 15 U.S.C. § 1692a(3).

6.     Defendant is a business entity located in Centennial, Colorado, and is a "person" as the term is defined by 1 U.S.C. § 1.

7.     Defendant uses instrumentalities of interstate commerce or the mails in a business the principle purpose of which is the collection of debts and/or regularly collects or attempts to collect debts owed or asserted to be owed to another, and is a "debt collector" as defined by 15 U.S.C.§ 1692a(6).

## ALLEGATIONS APPLICABLE TO ALL COUNTS

8.  Plaintiff is a natural person allegedly obligated to pay a debt asserted to be owed to a creditor other than Defendant.

9.  Plaintiff's alleged obligation arises from a transaction in which property, services or money was acquired on credit primarily for personal, family or household purposes, is a "debt" as defined by 15 U.S.C. § 1692a(5).

10.  At all times mentioned herein where Defendant communicated with any person via telephone, such communication was done via Defendant's agent, representative or employee.

11.  In April of 2019, Defendant began calling Plaintiff's work telephone in an attempt to collect a debt.

12.  During the initial phone conversation, Plaintiff informed Defendant that it was calling her on her work phone and requested that Defendant cease all further calls to that number.

13.  Ignoring Plaintiff's request, Defendant continued to call Plaintiff's work phone in an excessive and harassing manner.

14.  In addition, Defendant failed to mail Plaintiff written notice of the alleged debt following its initial communication with Plaintiff.

15.  Defendant's actions caused Plaintiff to suffer a significant amount of stress, anxiety, and annoyance.

## COUNT I

## VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT, 15 U.S.C. § 1692, *et seq.*

16.     Plaintiff incorporates by reference all of the above paragraphs of this complaint as though fully stated herein.

17.     The FDCPA was passed in order to protect consumers from the use of abusive, deceptive and unfair debt collection practices and in order to eliminate such practices.

18.     Defendant attempted to collect a debt from Plaintiff and engaged in "communications" as defined by 15 U.S.C. § 1692a(2).

19.     Defendant communicated with Plaintiff at a time or place known to be inconvenient to the Plaintiff, in violation of 15 U.S.C. § 1692c(a)(1).

20.     Defendants engages in behavior the natural consequence of which was to harass, oppress, or abuse the Plaintiff in connection with the collection of a debt, in violation of 15 U.S.C. § 1692d.

21.     Defendant caused Plaintiff's phone to ring or engaged Plaintiff in telephone conversations repeatedly or continuously, with the intent to annoy, abuse and harass Plaintiff, in violation of 15 U.S.C. § 1692d(5).

22.     Defendant failed to send Plaintiff written notice regarding the alleged debt within five (5) days after its initial communication with Plaintiff, in violation of 15 U.S.C. § 1692g(a).

23.    The foregoing acts and/or omissions of Defendant constitute violations of the FDCPA, including every one of the above-cited provisions.

24.    Plaintiff was harmed and is entitled to damages as a result of Defendant's violations.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays for judgment against Defendant for:

A.  Actual damages pursuant to 15 U.S.C. § 1692k(a)(1);

B.  Statutory damages of $1,000.00 pursuant to 15 U.S.C. §1692k(a)(2)(A);

C.  Costs of litigation and reasonable attorneys' fees pursuant to 15 U.S.C. § 1692k(a)(3);

D.  Punitive damages; and

E.  Such other and further relief as may be just and proper.

## **TRIAL BY JURY DEMANDED ON ALL COUNTS**

DATED:  July 1, 2019                         TRINETTE G. KENT

By:   */s/   Trinette G. Kent*
Trinette G. Kent, Esq.
Lemberg Law, LLC
Attorney for Plaintiff, Anne Detwiler